IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| GUADALUPE ESTRADA, PRO SE, | § | |
| also known as GUADALUPE J. ESTRADA, | § | |
| TDCJ-CID No. 1665869, | § | |
| IDOC No. 57703, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0059 |
| | § | |
| SUZZANNE TENORIO-PAUL, NP; | § | |
| DAVID R. BASSE, MD; | § | |
| BILLY L. TOMLINSON, LVN; and | § | |
| CHARLES McDUFFIE, Warden, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT McDUFFIE'S MOTION TO DISMISS**

Before the Court for consideration is the August 17, 2012 Motion to Dismiss Pursuant to

Fed. R. Civ. P. 12(b)(6) and 12(b)(1) filed by defendant CHARLES McDUFFIE.  Plaintiff

responded August 29, 2012 by filing his "Declaration."

**CLAIMS AND REQUESTS FOR RELIEF**

Plaintiff claims the defendants violated the Eighth Amendment prohibition against cruel

and unusual punishment by terminating his treatment for Hepatitis C in response to his having

received a disciplinary case for threatening a member of the staff.

Plaintiff requests injunctive relief in the form of an order that defendants immediately

resume treatment with AVT medication; $125,000.00 compensatory and $125,000.00 punitive

damages from each defendant, jointly and severally; nominal damages of $10.00 from each

defendant, jointly and severally; and costs.

## RULE 12(b)(1)

Plaintiff has not specified whether he is suing the defendants in their official or individual

capacities, or both.  The Eleventh Amendment has been interpreted by the Supreme Court to bar

suits by individuals against nonconsenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531

U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).  A suit against an official in his or her

official capacity is actually a suit against the state.  *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358,

361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).  Except

to the extent plaintiff seeks future injunctive relief, his action against defendant McDUFFIE in his

official capacity, pursuant to *Ex Parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54,

52 L.Ed. 714 (1908), is foreclosed by the Eleventh Amendment.  Consequently, plaintiff's claims

for monetary damages against defendant McDUFFIE  in his official capacity are barred by the

Eleventh Amendment.  "Because [Eleventh Amendment] sovereign immunity deprives the court of

jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1)

and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996).

## RULE 12(b)(6)

### STANDARD OF REVIEW UNDER RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which

relief can be granted.  Fed.R.Civ.P. 12(b)(6).  "[T]he complaint must contain either direct

allegations on every material point necessary to sustain a recovery or contain allegations from

which an inference fairly may be drawn that evidence on these material points will be introduced

at trial.  A statement of facts that merely creates a suspicion that the pleader might have a right of

action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  If the

complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper.

*Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).  In reviewing a motion for 12(b)(6)

dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the

light most favorable to the plaintiff.  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing

*Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss."  *Southern Christian Leadership Conference v. Supreme Court of*

*the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied*

*Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

All reasonable inferences must be drawn in favor of the non-movant's claims, *Lowrey v.*

*Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); and the *pro se* litigant's pleadings

should be afforded a liberal construction, even if they are inartfully phrased.  *See Erickson .*

*Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d 1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt,

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Instead,

"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim for relief that is plausible on its face.' "  *Ashcroft v. Iqbal,* 556 U.S. 662, 129

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

Although a district court may not go outside the complaint, the Fifth Circuit has recognized

one limited exception.  *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).  A

district court may consider documents attached to a motion to dismiss if the documents are referred

to in the plaintiff's complaint and are central to the plaintiff's claims.  *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**THE LAW AND ANALYSIS UNDER RULE 12(b)(6)**

Defendant McDUFFIE argues he is entitled to qualified immunity because plaintiff has not demonstrated his official conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2737-38, 73 L.Ed.2d 396 (1982).  Defendant McDUFFIE also argues plaintiff has not alleged any facts showing McDUFFIE's personal involvement, that defendant McDUFFIE is not liable under section 1983 for the actions of his subordinates, and that he is not liable under theories of vicarious liability, such as respondeat superior, under section 1983.

By his August 29, 2012 responsive pleading entitled "Declaration," plaintiff argues he has made numerous attempts to inform defendant McDUFFIE of his medical need, both by I-60 and by use of the grievance system on November 14, 2011 and January 9, 2012.  Citing *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998), plaintiff says defendant McDUFFIE "ignored his job duties in failing to provide medical care to plaintiff thus demonstrating 'deliberate indifference' . . . ."

Plaintiff's reliance on *Bradley v. Puckett* is misplaced.  In *Bradley*,  a conditions of confinement case which was dismissed for failure to state a claim, the disabled plaintiff developed a fungal infection when he was unable to shower for two months after being placed on lock-down without a shower chair.  Plaintiff in this case is not attacking his conditions of confinement. Instead, he is challenging the medical care provided him by medical professionals under contract with the Texas Tech University Health Sciences Center.  The Court takes judicial notice of section

4

501 of the Texas Government Code which establishes the Correctional Managed Health Care Committee to oversee the provision of medical care by medical professionals through contracts with the University of Texas Medical Branch at Galveston and through the Texas Tech University Health Sciences Center.  Plaintiff has alleged no fact showing defendant McDUFFIE had any involvement in plaintiff's healthcare or in the challenged decision to discontinue plaintiff's treatment for HCV.

To the extent plaintiff sues defendant McDUFFIE based on his failure to adequately investigate and satisfactorily resolve plaintiff's I-60's and grievance, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g.*, *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  This claim against defendant McDUFFIE lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff's claims against defendant McDUFFIE are based, in whole or in part, upon the supervisory capacity of this defendant; the acts of subordinates trigger no individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there

is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff alleges, at most, that defendant McDUFFIE failed to intervene on plaintiff's behalf.  Plaintiff has alleged no fact demonstrating personal involvement by defendant McDUFFIE in the decision to terminate treatment for his HCV and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant McDUFFIE fail to state a claim on which relief can be granted.

The Court notes plaintiff's allegations that concerning a "contract" or agreement he had to sign before HCV treatment was initiated; however, the claim he present is whether the termination of treatment constituted deliberate indifference to his serious medical needs.  Plaintiff's allegations concerning the "contract" do not state a claim of constitutional dimension.

With respect to plaintiff's claim that defendant McDUFFIE "ignored his job duties," this allegation would only support a claim of negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).  Claims of negligence do not constitute a valid section 1983 claim.

**QUALIFIED IMMUNITY**

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all.  *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789,

1793, 114 L.Ed.2d 277 (1991).  Analysis at this stage is performed under the "currently applicable constitutional standards."  *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).  The second prong of the qualified immunity test is whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in  light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998).

Plaintiff has not alleged any act by defendant McDUFFIE which violated any of plaintiff's clearly established statutory or constitution rights.  Plaintiff has failed to overcome defendant McDUFFIE's entitlement to qualified immunity.

As demonstrated by the analysis set forth herein, *supra*, the facts alleged by plaintiff do not point to any act by defendant McDUFFIE which violated plaintiff's clearly established statutory or constitution rights.  Plaintiff has failed to allege facts to overcome defendant McDUFFIE's entitlement to qualified immunity.

## CONCLUSION

For the reasons set forth above, it is the Opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that defendant McDUFFIE's motion to dismiss be GRANTED and plaintiff's claims against defendant McDUFFIE be dismissed without prejudice pursuant to Rule 12(b)(1) for lack of jurisdiction; without prejudice pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted; and for failure to overcome defendant's entitlement to qualified immunity.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of October, 2012.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).